# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3596 | **DATE** | 7/30/2004 |
| **CASE TITLE** | DAVID HAHN vs. THE COCA-COLA COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's duplicative motion to deny [17-1] or stay [17-2] summary judgment is denied. Coca-Cola's summary judgment motion [3-1] is granted in part. Hahn is barred from recovering on Count I for violations occurring prior to March 12, 2001. Hahn is barred from recovering on Count II for violations occurring prior to March 12, 1999. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/30/2004 | |
| CB courtroom deputy's initials | | 2004 JUL 30 AM 9:25 Date/time received in central Clerk's Office | date mailed notice PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID HAHN, on behalf of himself and all )
others similarly situated, )
) No. 04 C 3596
Plaintiffs, )
) Suzanne B. Conlon, Judge
v. )
)
THE COCA-COLA COMPANY, )
)
Defendant. )

**DOCKETED**
**AUG 0 2 2004**

## MEMORANDUM OPINION AND ORDER

David Hahn, an Illinois citizen, filed this class action against the Coca-Cola Company, a Delaware corporation with its principal place of business in Atlanta, for alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, ("ICFA") and unjust enrichment. Hahn alleges Coca-Cola deceived him by failing to disclose that fountain Diet Coke contains saccharin. Hahn's motion to remand was denied. Minute Order, 7/16/2004, Doc. No. 24. Presently before the court is Coca-Cola's summary judgment motion and Hahn's motions to deny or stay summary judgment. Coca-Cola contends Hahn's claims are barred by the statute of limitations.

### Background

In 1999, Judy Zapka filed a national class action lawsuit in Cook County, Illinois, charging Coca-Cola with violating the ICFA and the consumer fraud statutes of other jurisdictions by misrepresenting that soda fountain Diet Coke and bottled Diet Coke are a single, unified product even though fountain Diet Coke contains saccharin and bottled Diet Coke does not. The 1999 class action was removed to this court; class certification was denied and the suit settled. *See Zapka v.*

1

*Coca-Cola Co.*, 99 C 8238, 2000 WL 1644539, *4-5 (N.D. Ill. Oct. 27, 2000); *Zapka v. Coca-Cola Co.*, 99 C 8238, Minute Order of 3/20/02 (granting agreed motion to dismiss pursuant to settlement agreement). Now, five years later, Hahn has filed essentially the same suit against Coca-Cola. He alleges two causes of action: violations of the ICFA and unjust enrichment. Hahn's lawsuit complains of conduct reaching back as far as 1983. Because the statute of limitations for violations of the ICFA and the common law claim of unjust enrichment are three and five years respectively, Coca-Cola moves for summary judgment. Coca-Cola contends Hahn's claims accrued five years ago. Essentially, Coca-Cola argues that Hahn should have learned fountain Diet Coke contained saccharin when Zapka did.

All facts are undisputed unless otherwise noted. Consumers can purchase Diet Coke in two formats: from fountain dispensers or in bottles or cans. Def. Facts ¶6. Before 1984, all Diet Coke drinks were sweetened with saccharin or a blend of saccharin and aspartame. *Id.* at ¶7. On November 30, 1984, Coca-Cola announced in a press release that bottled Diet Coke would be sweetened with 100% NutraSweet. The announcement indicated fountain Diet Coke would continue to contain saccharin. *Id.* at ¶8. From 1984 through 1993, Diet Coke displayed the NutraSweet "pinwheel" trademark in print and television advertising. *Id.* at ¶9. At least some of the advertisements included a statement in fine-print stating that Diet Coke with 100% NutraSweet was unavailable at fountain dispensers. *Id.* The parties dispute whether every advertisement included this statement. According to Hahn, Coca-Cola has advertised Diet Coke as a single unified product since 1992 or 1993. Compl. ¶25. Coca-Cola does not contend that it advertised the presence of saccharin in fountain Diet Coke; however, Coca-Cola maintains it has observed all federally mandated labeling requirements and listed saccharin as an ingredient on Diet Coke syrup containers sold to fountain outlets. Def. Facts at ¶10. According to Coca-Cola, it has consistently disclosed

2

the presence of saccharin on its website since 1999. *Id.* It contends some fountain outlets, including large fast-food chains, have voluntarily posted nutritional charts reflecting that fountain Diet Coke contains saccharin. *Id.* at ¶¶11-12.

Coca-Cola further contends multiple news and television outlets have aired reports that fountain Diet Coke contains saccharin. *Id.* at ¶¶13-15. Chicago area news programs and the *Chicago Sun-Times* covered the issue in 1999 when the *Zapka* litigation was filed. Fox News on WFLD-TV broadcasted reports on February 26 and 28, 1999. *Id.* at ¶17. Indeed, Zapka learned fountain Diet Coke contained saccharin from these broadcasts. *Id.* She filed her class action lawsuit on November 14, 1999. *Id.* at ¶18. On April 19, 2001, Zapka filed a citizen's petition before the Department of Health and Human Services of the FDA. *In re Proposed Remedial Regulations Regarding Fountain Diet Coca-Cola and Bottled Diet Coca-Cola*, Def. Ex. K.

## DISCUSSION

A movant is entitled to summary judgment when the record, viewed in the light most favorable to the non-moving party, shows there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Dyrek v. Garvey*, 334 F.3d 590, 597-98 (7th Cir. 2003). Generally, a determination of a disputed date when a statute of limitations commences is a question of fact for the jury. *Carey v. Kerr-McGee Chem. Corp.*, 999 F. Supp. 1109, 1115 (N.D. Ill. 1998). However, where there are undisputed facts that permit only one conclusion, the question is for the court. *Id.* In this case, the issue is particularly narrow; additional discovery would have no effect on the outcome of the summary judgment motion. The critical facts for purposes of the summary judgment motion before the court are undisputed. Accordingly, Hahn's motions to deny or stay summary judgment pending additional discovery must be denied. *See Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996).

Coca-Cola essentially argues that because Zapka learned of Coca-Cola's conduct in 1999 when she filed a lawsuit seeking national class certification, Hahn reasonably should have learned of his claim at the same time. ICFA claims must be brought within three years of the day they accrue. 815 ILCS 505/10a(e). Under the ICFA, a cause of action accrues the day the plaintiff knew or *should have known* of his injury and that it was wrongfully caused. *Engineering Resources, Inc. v. CRS Steam, Inc.*, No. 94 C 6970, 1996 WL 73616, *6 (N.D. Ill. Feb 16, 1996). Also called the "discovery rule," the statute of limitations places the burden on the plaintiff to inquire as to the existence of a cause of action. *Id.*

Hahn acknowledges that strict application of the statute of limitations would limit the window of recovery. However, he contends Coca-Cola's violation of the ICFA is a continuous and unbroken course of conduct that commenced in 1983, permitting recovery beyond the past three years. He seeks sanctuary under a "continuing violation theory." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A.*, 770 N.E.2d 177, 190, 199 Ill.2d 325 (Ill. 2002). A continuing or repeated injury sometimes tolls the limitations period until the date the tortious acts cease. *Id.* The doctrine allows a plaintiff to obtain relief for a time-barred act by linking the conduct with an act that is within the limitations period. If Hahn can establish that Coca-Cola committed an actionable violation of the ICFA within three years prior to filing his lawsuit, he can draw Coca-Cola's earlier conduct into the limitations period. As an exception to the statute of limitations, Hahn bears the burden of establishing his claims fall within the continuing violation doctrine. *Hall v. Burlington Northern Santa Fe*, 977 F. Supp. 1344, 1345 n.1 (N.D. Ill. 1997). The continuing violation theory is unavailable if Hahn knew or reasonably should have known of Coca-Cola's allegedly wrongful conduct. *Id.*

According to Coca-Cola, Hahn's ICFA claim accrued the day the *Zapka* complaint was filed. Hahn responds that it is a question of fact as to when Hahn should reasonably have learned that fountain Diet Coke contains saccharin. Hahn asserts he did not become aware of his claim until late 2003 or early 2004. The *Zapka* class was denied certification. Thus, Hahn never received actual notice of that case. Nevertheless, because the statute of limitations depends on the discovery rule, it is triggered by an objective review of the facts, not Hahn's subjective knowledge. *Belleville Toyota, Inc.*, 770 N.E.2d at 192, 199 Ill.2d 325. The fact Zapka filed her case in 1999 suggests that Hahn could have known of his claims then.

Although the very nature of a claim under the ICFA suggests that information about Diet Coke's ingredients was not commonly available, that does not relieve Hahn of his burden of due diligence. *Id.* In applying the discovery rule, the question is not whether Hahn learned of the presence of saccharin in Diet Coke at any particular time. Rather, the issue is whether the presence of saccharin could have been discovered through the exercise of due diligence. *See Nicpon v. Goehausen*, No. 89 C 5674, 1991 WL 5866, *2-3 (N.D. Ill. Jan 15, 1991) (explaining discovery rule). The record undisputedly shows that if Hahn had made a reasonably effort to discover the ingredients in fountain Diet Coke, he would have succeeded by 1999 when the *Zapka* lawsuit was filed. *See In re Gaslight Club, Inc.*, 167 B.R. 507, 519-21 (N.D. Ill. 1994) (in case of fraud, plaintiff must demonstrate diligence). A great deal of publicity accompanied the *Zapka* litigation. Moreover, the prior filing of a class action in the same jurisdiction alleging identical claims against an identical defendant is sufficient to put a plaintiff on constructive notice. *See Hughes v. Vanderbilt Univ.*, 215 F.3d 543 (6th Cir. 2000); *Nicpon*, 1991 WL 5866 at *2-3. Hahn has alleged an identical ICFA claim in the same jurisdiction using the same attorneys as the *Zapka* plaintiff. Hahn could have learned

of his claims no later than November 1999 had he exercised reasonable diligence. *See, e.g., Carey*, 999 F. Supp. at 1117.

Furthermore, the rationale for the continuing violation rule does not suit this context. The continuing violation rule is intended to allow plaintiffs to recover for past wrongs when the wrongful character of those actions is unknown until revealed by later events. Hahn could have learned of his claims earlier – no subsequent act or event was necessary to reveal the allegedly deceptive nature of Coca-Cola's marketing of fountain Diet Coke. The equitable principles of the continuing violation doctrine are inapplicable. *See Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 281-82 (7th Cir. 1993) (comparing continuing violation to equitable tolling).

Hahn argues that the decision of another judge of this court denying summary judgment in *Zapka* is preclusive. This argument is meritless; different facts and a different plaintiff are before this court. The principles of collateral estoppel do not apply. Nor is the statute of limitations tolled by the *Zapka* litigation because this is a "piggyback" class action. *Carey*, 999 F. Supp. at 1115 (explaining that under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756 (1974), commencement of a class action may toll the statute of limitations for subsequent individual plaintiffs, but that it may not toll the limitations period for subsequent class actions).

Nevertheless, Coca-Cola's motion over-reaches. *See Belleville Toyota*, 770 N.E.2d at 88-89, 199 Ill.2d 325. In *Belleville*, the Illinois Supreme Court held that while the continuing violation doctrine did not permit the plaintiff to sue on violations before the statutory period, the plaintiff was not barred from attempting to recover for injuries occurring within the limitations period. *Id.* Coca-Cola cites no authority for the proposition that Hahn's knowledge of prior fraudulent activity prevents him from recovering for ICFA violations within the last three years. *See Xechem, Inc. v. Bristol Myers Squibb Co.*, No. 03 - 4292, 2004 WL 1396243 (7th Cir. June 23, 2004). The purpose

6

of the statute of limitations is to prevent plaintiffs from bringing stale claims, not force plaintiffs to file suit before their claims are ripe for adjudication. Accordingly, Coca-Cola's summary judgment motion is granted as to ICFA violations occurring before March 12, 2001, but the motion is denied as to violations allegedly occurring during the statutory period.

The foregoing discussion applies with equal force to Coca-Cola's motion for summary judgment on Hahn's claim for unjust enrichment. The statute of limitations applicable to unjust enrichment claims is five years. 735 ILCS 5/13-205. Hahn could have learned of Coca-Cola's alleged profiteering in November 1999 when the *Zapka* litigation commenced. Although *Zapka* was filed within the five year statutory period, this is of no consequence. The continuing violation doctrine is inapplicable. Accordingly, Hahn is barred from seeking recovery under his theory of unjust enrichment prior to March 12, 1999.

## CONCLUSION

Summary judgment is granted in part and denied in part. Had Hahn exercised reasonable diligence, he could have learned of the factual basis for both his ICFA and unjust enrichment claims by at least November 1999. Accordingly, the statute of limitations for the ICFA and unjust enrichment claims permit recovery for violations occurring three and five years respectively prior to the filing of Hahn's lawsuit on March 12, 2004.

July 30, 2004

ENTER:

Suzanne B. Conlon
United States District Judge