

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROL BILLIE OSHANA, on behalf of  )
herself and all others similarly situated,  )
                                                  )
                                                  )    No. 04 C 3596
              Plaintiff,                 )
                                                  )    Suzanne B. Conlon, Judge
v.                                         )
                                                  )
THE COCA-COLA COMPANY,       )
                                                  )
              Defendant.               )

## MEMORANDUM OPINION AND ORDER

Carole Billie Oshana ("Oshana") sues The Coca-Cola Company ("Coca-Cola") for violating the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("the Consumer Fraud Act") and for unjust enrichment. Oshana moves for reconsideration of the January 14, 2005 order denying class certification of her claims.

## BACKGROUND

The following facts are taken from the second amended complaint. Oshana alleges Coca-Cola employs an unfair and deceptive marketing scheme that conceals and misleads consumers into believing diet Coke from the fountain is the same product as diet Coke sold in a can or bottle. Unlike bottled diet Coke, which is sweetened exclusively with aspartame, fountain diet Coke is sweetened with a mixture of aspartame and saccharin. As a result, Oshana contends Coca-Cola has sold millions of dollars in beverages it would not have otherwise sold. In addition, Oshana contends Coca-Cola has been unjustly enriched at the expense of Oshana and potential class members. For the alleged Consumer Fraud Act violation, Oshana seeks disgorgement to the class of Coca-Cola's

profits from its conduct since March 12, 2001, and her individual damages for her fountain diet Coke purchases since March 12, 2001. For the unjust enrichment claim, Oshana seeks disgorgement of Coca-Cola's profits from its conduct since March 12, 1999.

In September 2004, Oshana moved for certification of the following proposed class pursuant to Fed. R. Civ. P. 23(a), 23(b)(1)(B) and 23(b)(3):

> All individuals who purchased for consumption and not resale fountain diet Coke in the State of Illinois from March 12, 1999, through the date of the entry of an order certifying the class. Excluded from this Class are employees, officers, and directors of Coca-Cola.

Class certification was denied. *See Oshana v. Coca-Cola Co.*, 225 F.R.D. 575 (N.D. Ill. Jan. 14, 2005). The court held Oshana failed to satisfy the requirements of Rule 23(a) because: (1) the proposed class boundlessly encompassed millions of potential members without any identifiable basis for standing; and (2) typicality did not exist because Oshana could not establish a causal connection between the alleged misconduct and damages on a classwide basis. *Id.* at 580-83. Further, the court found Rule 23(b)(1)(B) was not satisfied because Oshana failed to establish the existence of a valid limited fund or rationale for Rule 23(b)(1)(B) application. *Id.* at 583-84. Finally, the court held Rule 23(b)(3) was not satisfied because: (1) individualized issues predominated over common issues of law or fact; and (2) the proposed class action was an inferior method of adjudication due to considerations of manageability and judicial economy. *Id.* at 584-87.

## DISCUSSION

Oshana's motion is presumably brought pursuant to Fed. R. Civ. P. 59(e). Motions for reconsideration serve the limited function of either correcting manifest errors of law or presenting newly-discovered evidence. *Publishers Res. Inc. v. Walker-Davis Pub., Inc.*, 762 F.2d 557, 561 (7th

Cir. 1985); *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, No. 95 C 4875, 1996 U.S. Dist. LEXIS 7766, *4-5 (N.D. Ill. June 3, 1996). Motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments. *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). A motion for reconsideration is appropriate only when:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*, 123 F.R.D. at 288.

## I. Individual Issues and Identifiable Class

Oshana contends the court misunderstood and ignored several of her claims, resulting in an erroneous determination that individual issues preclude certification. She argues: (1) there are no individualized damages issues warranting denial of certification because she seeks disgorgement of profits, not individual compensatory damages, and the amount of profits unlawfully obtained is an issue common to the class; (2) even if the court does not certify the deceptive practices claim, her claims that Coca-Cola committed *per se* and unfair practice violations of the Consumer Fraud Act are appropriate for certification and do not invoke the court's concerns regarding individual issues of causation; and (3) the court should certify those elements of the claims that focus entirely on Coca-Cola's conduct (three elements required to establish the deceptive practices claim and at least one element of the unjust enrichment claim). Oshana contends the court's concerns regarding class

3

identifiability are not implicated by her *per se* and unfair practice claims, nor by specific elements of the deceptive practice and unjust enrichment claims.

Oshana's arguments are unpersuasive. The court has broad discretion to determine whether class certification is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). Oshana inappropriately seeks to rehash old arguments by challenging the reasoning of the order denying certification. *See Quaker Alloy Casting*, 123 F.R.D. at 288. Further, her arguments are misguided. The court did not misunderstand or ignore Oshana's claims, and the denial of certification was not premised on individuality issues alone. Rather, the proposed class is replete with identifiability and manageability issues. Regardless of the relief sought, claims asserted, or piecemeal elements extracted for certification reconsideration, the boundless class unavoidably includes potentially millions of consumers without any identifiable bases for standing. Contrary to her assertions, identifiability issues also plague Oshana's *per se* and unfair practice claims. Although deception may not be a required showing for *per se* or unfair practice claims brought under Section 2 of the Consumer Fraud Act, injury and causation remain inherent parts of the liability equation. *See e.g., Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 776 N.E.2d 151 (Ill. 2002). Accordingly, the inescapable fact remains that considerable cost and time would have to be expended by the court and parties before class members could be identified. The identifiability and manageability issues make clear the "class device simply would be an inefficient way of trying the lawsuit for the parties as well as for [the court's] own congested docket." *Simer v. Rios*, 661 F.2d 655, 670 (7th Cir. 1981).

## II. Rule 23(b)(1)(B)

Oshana contends the court denied Rule 23(b)(1)(B) certification because it misunderstood her argument. Specifically, she asserts she did *not* argue Coca-Cola will be financially unable to

4

satisfy future claims brought by putative class members if she prevails individually and is awarded disgorgement. Rather, if she prevails individually, she believes Coca-Cola will take the position in future litigation that it no longer has any retained profits from illegal conduct in Illinois. In actuality, the court expressly identified and rejected Oshana's argument. *See* 225 F.R.D. at 583-84. Moreover, the court noted Rule 23(b)(1)(B) must be construed narrowly, and found Oshana failed to proffer a valid rationale for its application. *Id.* Accordingly, Oshana may not rehash old arguments on a motion for reconsideration and the motion must be denied. *See Quaker Alloy Casting*, 123 F.R.D. at 288.

### III. Illinois Profits

Oshana asserts newly discovered evidence - that Coca-Cola is unable to produce specific information regarding its profits from the sale of diet Coke in Illinois - warrants reconsideration of the denial of class certification. She contends the parties will dedicate a substantial amount of time and expense in determining the amount of profits subject to disgorgement. Oshana concludes judicial and litigant resources will be wasted if class certification is denied because the profit determination will be re-litigated by putative class members in future litigation. Preliminarily, it appears this issue is moot and the parties have stipulated to the Illinois share of Coca-Cola's national profits. *See* Resp. at Exs. A-B. In any event, a final adjudication on the merits as to the amount of Coca-Cola's profits from the sale of fountain diet Coke to Illinois consumers may estop the issue in subsequent cases. The alleged newly discovered evidence does not give rise to class action certifiability.

## CONCLUSION

For the foregoing reasons, Oshana's motion for reconsideration of the order denying class certification is denied.

March 16, 2005

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge