IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROL BILLIE OSHANA, )
)
Plaintiff, )
)            Civil Action No.: 04 C 3596
v. )
)            Suzanne B. Conlon, Judge
THE COCA-COLA COMPANY, )
a Delaware Corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On August 4, 2005, this court entered judgment in favor of Carol Billie Oshana and against

the Coca-Cola Company in the amount of $650, plus reasonable costs and attorneys' fees. The

judgment resolved Oshana's individual and class claims against Coca-Cola for unjust enrichment

and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Consumer

Fraud Act"), 815 ILCS §§ 505/1, *et seq.* The judgment, entered under Fed. R. Civ. P. 68, explicitly

stated it was not an admission of Coca-Cola's liability or Oshana's damages. Dkt. No. 192 (August

4, 2005). Oshana filed a motion for attorneys' fees and expenses seeking $1,100,509.77. Dkt. No.

210 (Nov. 30, 2005). The motion was referred to Magistrate Judge Sidney I. Schenkier for a report

and recommendation. Fed. R. Civ. P. 54(d)(2)(D). Magistrate Schenkier recommended the court

award no attorneys' fees or costs because even though Oshana technically prevailed, her recovery

was *de minimis.* Dkt. No. 244 (March 19, 2007). Oshana objects to the report and recommendation.

Dkt. No. 245 (April 2, 2007). For the reasons set forth below, Magistrate Schenkier's thorough and

carefully analyzed report and recommendation is adopted in its entirety. Oshana's motion for

attorneys' fees and expenses is denied.

## I.   Underlying Litigation

This diversity action was originally filed in state court on March 12, 2004. Oshana[1] alleged that Coca-Cola committed fraud in connection with its disclosures regarding artificial sweeteners used in fountain diet Coke.[2] Oshana alleged Coca-Cola failed to disclose that unlike diet Coke sweetened with aspartame sold in cans and bottles, fountain diet Coke was sweetened with a blend of aspartame and saccharin. Oshana, on behalf of herself and a purported class of all persons in Illinois who purchased fountain diet Coke since 1984, alleged unjust enrichment by Coca-Cola and violation of the Consumer Fraud Act. Her state court complaint expressly disclaimed individual damages in excess of $75,000. Coca-Cola asked Oshana to admit she would not individually seek total recovery for disgorgement, attorneys' fees and punitive damages in excess of $75,000. Oshana refused, and Coca-Cola removed the case to federal court. Oshana moved for remand, arguing that the case failed to meet the $75,000 jurisdictional amount. This court denied the motion, holding that the complaint's prayer for relief, combined with the value of disgorgement, established the plausibility of Coca-Cola's good faith estimate that the amount in controversy exceeded $75,000. Dkt. No. 24 (July 16, 2004).

Coca-Cola moved for summary judgment on statute of limitations grounds. This court granted the motion in part, holding that Oshana was barred from recovering on any Consumer Fraud

---

[1]The original named plaintiff was David Hahn. Oshana was substituted for Hahn in the second amended complaint. Dkt. No. 52 (Sept. 29, 2004). For simplicity, both the magistrate judge's report and this order refer to the plaintiff as Oshana.

[2]The report and recommendation includes detailed factual findings relevant to the underlying litigation and the motion for attorneys' fees and costs. The facts are drawn from that report unless otherwise noted.

Act violations occurring prior to March 12, 2001, and on any unjust enrichment claims for violations occurring prior to March 12, 1999. Dkt. No. 29 (July 30, 2004). Oshana filed an amended complaint reflecting the narrower recovery periods. Dkt. No. 44 (Sept. 7, 2004). The amended complaint sought $1,000 in damages, but asserted that the disgorgement remedy would total, individually and as a class, in the tens or hundreds of millions of dollars.

Oshana's motion for class certification was denied. Dkt. No. 85 (Jan. 14, 2005). Coca-Cola filed a second summary judgment motion arguing that Oshana could not obtain disgorgement of profits beyond those attributable to sales of diet Coke specifically to Oshana. During briefing on this motion, Oshana reaffirmed that she sought disgorgement in her individual capacity. This court granted Coca-Cola's motion in part, holding that Oshana could not seek disgorgement remedies for injuries allegedly suffered by other consumers, and that her claim was limited to individual damages of $650. Dkt. No. 176 (July 13, 2005).

With trial deadlines approaching, Coca-Cola made an offer of judgment pursuant to Fed. R. Civ. P. 68 in the amount of $650, plus reasonable attorneys' fees and costs. Oshana accepted the offer and judgment was entered in her favor. Dkt. No. 192 (Aug. 4, 2005). The judgment did not constitute an admission that Coca-Cola was liable, or that Oshana suffered damages, and had no effect whatsoever except in resolving the action. *Id.* Oshana reserved her right to appeal. *Id.*

**II.    Appeal**

Oshana appealed this court's rulings on jurisdiction and class certification. Both were affirmed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). The Seventh Circuit held that removal was proper because, notwithstanding the original complaint's express disclaimer of individual damages over $75,000, Oshana's refusal to admit that she would not seek more than

3

$75,000 made it plausible that more than $75,000 was actually at stake. *Id.* at 511-12. Denial of class certification was also affirmed. *Id.* at 513-15.

## III.    Magistrate Judge's Report and Recommendation

On November 30, 2005, Oshana moved for attorneys' fees and expenses. Dkt. No. 210. She seeks $948,699.25 in attorneys' fees and $151,810.52 in costs, for a total of $1,100,509.77. The request for fees represents 2,581.90 hours of work performed by 19 attorneys from six firms. The motion was referred to the assigned magistrate judge for a report and recommendation. Dkt. No. 217 (Dec. 7, 2005).

By agreement of the parties, the magistrate judge stayed consideration of the motion during the pendency of the appeal. The appeal was decided on December 29, 2006; the magistrate judge's report and recommendation was issued on March 19, 2007. Dkt. No. 244. He recommended that no attorneys' fees or costs be awarded because (1) Oshana's recovery is too *de minimis* to reasonably warrant any award; and (2) even if her small recovery warranted an award, the amount of fees and costs she seeks is so high, and reflects such overreaching, that the reasonable award is zero. *Id.* at 2. The magistrate judge concluded Oshana was not entitled to any award because the difference between her judgment ($650) and the amount she sought (tens or hundreds of millions of dollars) was vast, she failed to succeed on any legal issue of significance, and the litigation did not serve a public purpose. He also recommended that costs be denied because (1) expert fees are non-taxable costs that are not explicitly authorized by the Consumer Fraud Act; and (2) Oshana waived her right to pursue taxable costs by failing to file her bill of costs within 30 days, as required by Local Rule 54.1(a). *Id.* at 3.

4

## IV. Oshana's Objections

Oshana objects to the report and recommendation on four grounds. First, she argues the magistrate judge incorrectly concluded that Coca-Cola was successful in its summary judgment motions. Second, she argues the report erroneously presumed that she took the position that the case could not be settled on an individual basis. Third, the report overrides the language and purpose of the Consumer Fraud Act. Finally, she argues the report and recommendation cannot be reconciled with the Seventh Circuit's opinion, which she contends held that she did not seek more than $75,000 in damages.

## DISCUSSION

### I. Standard of Review

The court may refer a motion for attorneys' fees to a magistrate judge under Fed. R. Civ. P. 72(b) as if it were a dispositive pretrial matter. Fed. R. Civ. P. 54(d)(2)(D). Review of a magistrate judge's recommendation on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1995) (district court reviews magistrate judge's factual determinations and legal conclusions on a motion for fees *de novo*). The reviewing court is required to "make a *de novo* determination of those portions of the recommendations to which objection is made." *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). The court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Id.* If no specific objection is made, or only a partial objection, the district court reviews the uncontested portions for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

5

## II.    Award of Fees and Costs under Rule 68 and the Consumer Fraud Act

Coca-Cola's Rule 68 offer of judgment must be interpreted in light of the fee-shifting provision of the Consumer Fraud Act. *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). The Consumer Fraud Act provides that the court may award reasonable attorneys' fees and costs to the prevailing party. 815 ILCS § 505/10a(c). The court has discretion to deny fees if the prevailing party's recovery is "merely technical or *de minimis*." *Fisher v. Kelly*, 105 F.3d 350, 352 (7th Cir. 1997), *see also Fletcher v. City of Ft. Wayne, Ind.*, 162 F.3d 975, 976 (7th Cir. 1998) ("for trivial recoveries, the only reasonable reward is zero"). Coca-Cola concedes Oshana is the prevailing party for purposes of awarding fees and costs, but argues that in light of her $650 recovery, the only reasonable award of fees and costs is zero. The magistrate judge agreed, concluding that Oshana was not entitled to fees because her $650 recovery was merely technical or *de minimis*.

To determine whether Oshana's recovery is merely technical or *de minimis*, the court examines three factors: "the difference between the judgment recovered and the recovery sought, the significance of the legal issue on which the plaintiff prevailed and, finally, the public purpose served by the litigation." *Cartwright v. Stamper*, 7 F.3d 106, 109 (7th Cir. 1993); *Fisher*, 105 F.3d at 353. The first factor is the most important, and the second factor is the least significant. *Id.* at 109-10.

### A.    Difference Between Amount Sought and Judgment

Oshana sought $1000 in individual damages, plus tens or hundreds of millions of dollars in disgorgement of revenues. She received $650, only .0065 percent of the low end of the amount she sought. Fees have been denied because plaintiff "overreached" where the verdict of $1,115,000 was four percent of the $25.6 million plaintiff sought. *Bankcard America, Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 486 (7th Cir. 2000). The vast difference between the recovery Oshana

sought and the judgment she received weighs heavily against any award of fees.

Oshana argues the magistrate judge's analysis is premised on the erroneous finding that she sought more that $75,000 individually. Oshana contends the Seventh Circuit's opinion held that "[o]n the face of Oshana's state-court complaint . . . [s]he expressly disclaimed individual damages over $75,000." *Oshana*, 472 F.3d at 511. Oshana's citation is misleading. She mischaracterizes the court's observation as a holding, and ignores the more significant statement in the same paragraph that "Oshana's disclaimer had no legal effect." *Id*. The court went on to find that Oshana's refusal to admit that she would not seek damages in excess of $75,000 raised the inference that she believed her claim was worth more. *Id.* at 512. The court held removal was proper, noting that Oshana could not benefit by playing a "cat-and-mouse game" of disclaiming damages in excess of $75,000 to defeat federal jurisdiction, while preserving her right to recover more by refusing to stipulate to the jurisdictional limit. *Id.* at 512-13.

In both her Consumer Fraud Act and unjust enrichment claims, Oshana consistently sought disgorgement of Coca-Cola's revenues from the sale of fountain diet Coke attributable to the alleged wrongful conduct. In Coca-Cola's second summary judgment motion, this court ruled that Oshana's individual damages were $650, and any recovery for disgorgement was limited to any ill-gotten gains obtained from Oshana herself in connection with the alleged misconduct. Dkt. No. 176 (July 13, 2005). Coca-Cola then made its offer of judgment and Oshana accepted. But the record does not support Oshana's assertion she sought damages less than $75,000.

## B. Legal Issues

Oshana failed to succeed on any legal issue of significance. She sought to represent a class of individuals allegedly defrauded by Coca-Cola's unfair and deceptive marketing scheme. Bottled

diet Coke is sweetened exclusively with aspartame, but fountain diet Coke is sweetened with a mixture of aspartame and saccharin. Oshana alleged that Coca-Cola mislead consumers into believing that fountain diet Coke is the same as bottled diet Coke. She contended that Coca-Cola's deceptive practices enabled it to sell millions of dollars in beverages it would not otherwise have sold.

Oshana failed to succeed on her theory of liability. *Cartwright*, 7 F.3d at 110. She did not establish that her case could be brought on a class-wide basis. Class certification was denied, and the denial was affirmed on appeal. *Oshana*, 472 F.3d at 513-15. She failed to establish that her claims could extend to 1984, or that she was entitled to disgorgement of Coca-Cola's revenues from sales to other consumers. Nor did Oshana succeed in remanding the case to state court. Her motions to remand and for reconsideration were denied, and jurisdiction was affirmed on appeal. *Id.* at 510-13. Oshana's only success was in obtaining a Rule 68 judgment of $650, which expressly disclaimed liability and damages.

Oshana objects to the magistrate judge's characterization of the procedural history of the case. She argues she was successful because in ruling on Coca-Cola's first summary judgment motion, this court adopted her alternative position of limiting her claims to three and five years rather than denying her claims completely. While her claims survived, their scope was narrowed significantly from the twenty-year period she initially sought. This does not represent success on an issue of legal significance. Oshana also argues this court's ruling on Coca-Cola's second summary judgment motion was not a total victory for Coca-Cola. However, the ruling cannot be seen as a success for Oshana because it limited her individual damages and barred her recovery for disgorgement of sales revenue from other putative class members.

8

Oshana argues the magistrate judge failed to acknowledge her success on several discovery motions. She contends fees should be awarded associated with these motions. Oshana's success in discovery disputes does not demonstrate success in proving her theory of liability. On the contrary, Oshana's theory of liability failed on every front.

## C.    Public Purpose

A legal victory serves a public purpose if it "vindicates important rights and deters future violations." *Cartwright*, 7 F.3d at 110. Oshana's $650 judgment does neither. The judgment specifically disclaimed liability. The amount is so small that it could not reasonably be seen as a deterrent to future violations. Oshana did not seek nor was she awarded punitive damages. *Id.* (an award of punitive damages is strong evidence the victory served a public purpose). The magistrate judge correctly observed that Oshana's judgment represented a Pyrrhic victory: her recovery was merely technical, served no public purpose, and does not warrant any award of fees and costs. *Farrar v. Hobby*, 506 U.S. 103, 117 (1992) (O'Connor, J., concurring).

Oshana argues the report and recommendation eviscerate the legislative intent of the Consumer Fraud Act. The purpose of the fee-shifting provision of the Consumer Fraud Act is to encourage plaintiffs who have a cause of action to sue, even if their recovery would be small. *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 688 N.E. 2d 653, 657 (Ill. 1997). Notwithstanding this provision, the court has discretion to deny fees and costs for trivial, *de minimis* recoveries. Denial of fees will not deter plaintiffs who have a statutory claim. It may encourage prospective plaintiffs to carefully consider their claims to avoid *de minimis* judgments and the risk of denial of fees and costs.

9

## III.  Costs

The magistrate judge cited two additional reasons why Oshana should not be awarded costs. She failed to specifically object to his recommendations regarding costs. Therefore, the costs recommendation is reviewed for clear error. *See Johnson*, 170 F.3d at 739. First, he recommended that non-taxable costs for expert witnesses be denied because the Consumer Fraud Act does not explicitly provide for an award of expert costs. *See T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 482 (7th Cir. 2003) (costs do not include expert witness fees absent explicit statutory authorization). Second, he recommended that taxable costs be denied because Oshana failed to file her bill of costs within 30 days of the entry of judgment. Local Rule 54.1(a). Nothing in this analysis suggests the recommendation that costs not be awarded is erroneous in any respect.

## CONCLUSION

This court adopts the magistrate judge's report and recommendation in its entirety pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636. Oshana's motion for attorneys' fees and expenses is denied.

ENTER:

*Suzanne B. Conlon*

Suzanne B. Conlon
United States District Judge

April 24, 2007

10